NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DANIELA DAYANARA CHACON AMAGUAY,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, *et al.*,<br>*Delaney Hall Detention Facility*<br><br>Respondents. | Civil Action No. 26-4180 (GC)<br><br>**MEMORANDUM & ORDER** |

CASTNER, District Judge

THIS MATTER comes before the Court on the filing of a *pro se* petition (Petition) for a writ of habeas corpus under 28 U.S.C. § 1241 (§ 1241) (ECF No. 1) by Petitioner Daniela Dayanara Chacon Amaguay and a motion for expedited consideration (Motion for Expedited Consideration) (ECF No. 2).[1]  (ECF No. 1.)  Petitioner is currently being held in immigration detention at the Richwood Correctional Center in Richwood, Louisiana.    (ECF No. 1 at 2); https://locator.ice.gov/odls/#/search (last visited Apr. 24, 2026).

---

[1]    Petitioner names as Respondents: Warden, Richwood Correctional Center (current custodian); Warden, Delaney Hall Detention Facility; Field Office Director, ICE Newark; Alajandro Mayorkas, Secretary of DHS; and Merrick B. Garland, Attorney General.  (ECF No. 1 at 2.)  Petitioner attaches to the Petition, dated April 17, 2026, another petition using the habeas form supplied by the Clerk for § 2241 petitions (Form Petition), dated April 16, 2026.  (ECF No. 1-2.)  The Petition, the attachments to the Petition, and the Motion for Expedited Consideration were received via ADS and, by using this system, Petitioner has consented to receiving electronic notification and service of all future documents filed in this case at the email address provided in ADS.

District courts have the power to issue a writ of habeas corpus under § 2241 to release a prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. "In most cases, for 'habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.'" *Miranda Vicuna v. Bondi*, No. 26-3161, 2026 WL 841459, at *1 (D.N.J. Mar. 26, 2026) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)); *see also Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement (quoting *Rumsfeld*, 542 U.S. at 443)).

Petitioner argues that the Court has jurisdiction because "her detention originated in New Jersey, and the relevant immigration proceedings and events giving rise to this petition remain connected to this District." (ECF No. 1 at 2.)  According to Petitioner, her transfer to a "distant detention facility has further impaired her ability to meaningfully challenge her detention and pursue her immigration case." (*Id.* at 4.)  However, in her Petition, Petitioner admits that she is "currently detained at Richwood Correctional Center in Louisiana."[2]  (ECF No. 1 at 2.) "Therefore, habeas jurisdiction is only proper in the U.S. District Court for the Western District of Louisiana because that is the district where Petitioner was confined when [she] filed [her] Petition before this Court." *Miranda Vicuna*, 2026 WL 841459, at *1.

When a federal court lacks jurisdiction, it may transfer the case to another federal court that does have jurisdiction if it is in the interest of justice to do so. *See* 28 U.S.C. § 1631. "In determining whether transfer is 'in the interest of justice,' courts have considered whether the

---

[2]    The Form Petition identifies Delaney Hall Detention Facility in Newark, New Jersey as Petitioner's placement of confinement.  (ECF No. 1-1 at 2.)  But the Form Petition is dated April 16, 2026.  Petitioner also includes an April 17 2026 Petition, which clearly states that Petitioner is presently confined at Richwood Correctional Center.  (ECF No. 1-1 at 1.)  The Petition (and the attached Form Petition) were electronically filed with the Court on April 20, 2026, and, according to the ICE online detainee locator system, Petitioner remains detained at the Richwood, Louisiana facility.

2

failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors." *United States v. Banks*, 372 F. App'x 237, 239 (3d Cir. 2010) (per curiam) (citations omitted).

"[T]here is no indication that [Petitioner] was not proceeding in good faith when [she] filed the petition in this district," and "there do not appear to be equitable factors weighing against transfer." *Guzman v. Moshannon Valley Processing Ctr.*, No. 24-1054, 2024 WL 1251170, at *1 (D.N.J. Mar. 22, 2024).  Specifically, Petitioner, who is proceeding *pro se* in this matter, resided and was arrested and originally detained in New Jersey, and it appears that her underlying immigration proceeding was (at least originally) pending in New Jersey.  *See id.* at *1 (noting that immigration proceeding Petitioner's case was pending in immigration court in Elizabeth, New Jersey); (ECF No. 1 at 1-3).  Accordingly, the Court finds that it is in the interests of justice to transfer this matter to the Western District of Louisiana.[3]

**IT IS**, therefore, on this 24th day of April 2026, **ORDERED** as follows:

1. The Text Order entered at ECF No. 3 is **LIFTED.**

2. The Clerk of the Court is directed to **TRANSFER** this action to the United States District Court for the Western District of Louisiana.

3. The Clerk of the Court shall **CLOSE** this matter.

_____
GEORGETTE CASTNER
United States District Judge

---

[3] On April 20, 2026, Chief Judge Renee Marie Bumb entered a text order enjoining Respondents from transferring Petitioner from New Jersey pending further Order of the Court (Text Order).  (ECF No. 3.)  Because Petitioner had already been transferred from New Jersey to Louisiana prior to April 20, 2026, the Court lifts this Text Order.